IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :
    Plaintiff
                                :

    vs.  : CRIMINAL NO. 1:CR-90-097-01

                                :

MANUEL D. PEGUERO,
    Defendant  :

*M E M O R A N D U M*

In January 1992, Defendant, Manuel D. Peguero, pled guilty to conspiracy to distribute cocaine. Pursuant to Fed. R. Civ. P. 60(b), Defendant has filed a pro se motion for reconsideration of our July 1, 1997, denial of his 28 U.S.C. § 2255 motion. The Rule 60(b) motion argues that our rejection of one of Peguero's claims in his 2255 motion was incorrect, the claim that his trial counsel was ineffective in not contesting that defendant was a manager or supervisor of the conspiracy, which led to a three-level enhancement in his offense level.

Relying on *Gonzalez v. Crosby*, ___ U.S. ___, 125 S. Ct. 2641 (2005), he argues that he can seek reconsideration of our denial of his 2255 motion, without regard to any procedural limitations on a second or successive 2255 motion, because of substantive changes to the decisional law since the 1997 denial.

We disagree. Defendant's Rule 60(b) motion is the equivalent of a second 2255 motion, and we have no authority to entertain it without certification from the Third Circuit.

As noted, Defendant pled guilty to a cocaine conspiracy. In April 1992, he was sentenced to 274 months. He filed no direct appeal, but did file a 2255 motion in December 1996, making several claims, including ineffective assistance of counsel. A federal public defender was appointed to represent him, and the public defender filed an amended motion. After a hearing, we denied the motion. The Third Circuit affirmed. The Supreme Court granted certiorari to consider whether our failure to advise Defendant at sentencing of his right to appeal justified collateral relief when Defendant knew about that right. The Court decided that the conviction did not have to be disturbed. *See Peguero v. United States*, 526 U.S. 23, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999).

Defendant relies on *Gonzalez* to file his Rule 60(b) motion, but that case is actually against him. In *Gonzalez*, the Supreme Court held that a Rule 60(b) motion seeking relief from denial of a 28 U.S.C. § 2254 petition that presents a claim attacking a state-court criminal conviction is essentially another petition under 28 U.S.C. § 2254, requiring the permission of the court of appeals for its filing. This is so even if the petitioner couches the motion in the language of Rule 60(b), by arguing, for example, that a change in substantive law after the habeas proceedings justifies relief. *Id.* at ___, 125 S.Ct. at 2647-48.

2

This is precisely what Defendant is attempting here. His Rule 60(b) motion renews a claim presented in his first 2255 motion and argues that changes in substantive law since that motion was decided in 1997 justifies relief.[1]  *Gonzalez* applies to 2255 motions as well as to 2254 petitions.  *See United States v. Scott*, 414 F.3d 815 (7th Cir. 2005)(applying *Gonzalez* to a 2255 motion); *United States v. Terrell*, 2005 WL 1672122 at *2 (11th Cir. 2005)(nonprecedential)(explicitly stating that Gonzalez applies to 2255 proceedings).[2]

We will therefore deny the motion.  We will also deny a certificate of appealability, based on the above analysis. However, Defendant is advised that he has the right for sixty (60) days to appeal our order denying his Rule 60(b) motion, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of

---

[1] In part, Defendant mentions *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

[2] It us true that the petitioner prevailed in *Gonzalez* but only because his claim was not an attack on the merits of his conviction.  His 2254 petition had been dismissed as time-barred, and he sought relief from that judgment on the basis of a subsequent Supreme Court decision favorable to him on the statute-of-limitations issue.

3

appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22.


                                        /s/William W. Caldwell
                                       William W. Caldwell
                                       United States District Judge
Date: September 22, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,          :
    Plaintiff
                                :

    vs.                            : CRIMINAL NO. 1:CR-90-097-01

                                :
MANUEL D. PEGUERO,
    Defendant                      :

*O R D E R*

AND NOW, this 22nd day of September, 2005, it is ordered that:

    1. Defendant's motion (doc. 127) for reconsideration under Fed. R. Civ. P. 60(b) is denied.

    2. A certificate of appealability is denied.

                                <u>/s/William W. Caldwell</u>
                                William W. Caldwell
                                United States District Judge